IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONNIE SMITH**, | Case No. 6:16-cv-01771-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CITY OF DALLES, et al.**, | |
| Defendants. | |

Jesse Merrithew, LEVI MERRITHEW HORST PC, 610 SW Alder Street, Suite 415, Portland, Oregon 97205. Of Attorneys for Plaintiff.

Gerald L. Warren, Nicholas J. Naumes, GERALD L. WARREN & ASSOCS., 901 Capitol Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff filed this action *pro se*, alleging that the City of The Dalles ("the City") and an unnamed police officer ("Doe") falsely arrested and imprisoned, thereby violating his civil rights in contravention of 42 U.S.C. § 1983.[1] Plaintiff seeks damages only. The City moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction on the basis that Plaintiff's alleged injury is unripe because the criminal charges related to his arrest are still pending in the

---

[1] Plaintiff alleges that jurisdiction is proper under 42 U.S.C. §§ 1331 and 1343. The Court presumes that Plaintiff intended to assert jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

PAGE 1 – OPINION AND ORDER

Municipal Court of the City of The Dalles. ECF 19. In the alternative, the City asks the Court to dismiss Plaintiff's Complaint based on the *Younger*[2] abstention doctrine. Plaintiff responds that his claim is ripe and that, even if *Younger* applies, the Court should stay, rather than dismiss, this action. Plaintiff thus moves to stay these proceedings until the criminal case against him in municipal court is resolved. ECF 27. For the reasons stated below, the Court denies the City's motion to dismiss and grants Plaintiff's motion to stay.

## BACKGROUND

Plaintiff alleges that, at or near the end of May 2015, he went to a coffee shop. ECF 7 (Compl.) ¶ 5. After a moment, Plaintiff decided to leave because he did not see anybody there. Several minutes later, officer Doe approached Plaintiff and requested his name. After Plaintiff asked why Doe needed Plaintiff's name, Doe stated that someone had called to report a theft at the coffee shop. Doe then detained Plaintiff. Doe "counted the money that Plaintiff already had in his possession prior to the call." *Id*. Doe told Plaintiff that someone had observed Plaintiff taking money from the coffee shop tip jar. Plaintiff alleges that $16 was reported stolen but that "the coffee tip jar was full of money at that time." *Id*. Plaintiff was arrested and booked into jail until he was released the following day. Subsequently, Plaintiff alleges, "the charge got dropped." *Id*.

Plaintiff asserts that he was detained without probable cause, subjected to an illegal search, and falsely arrested and imprisoned. Plaintiff further asserts that the City has a policy, practice, and custom of training officers to falsely arrest and imprison citizens. On November 21, 2016, Plaintiff filed suit against the City and Doe for damages under 42 U.S.C. § 1983, alleging

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

false arrest and false imprisonment in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. *Id.*

On March 3, 2017, the City filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF 19. Along with its motion, the City submitted a declaration from defense counsel Nicholas Naumes. ECF 20. The City asks the Court to take judicial notice of three exhibits attached to Naumes's declaration.

Exhibit One (ECF 20-1 at 1-4) consists of a complaint by the State of Oregon in the Municipal Court of the City of The Dalles. It is dated May 29, 2015, and signed by the City Prosecutor. It accuses Ronnie Scott Medinger, aka Ronnie Vance Smith, of Theft in the Third Degree in violation of Or. Rev. Stat. § 164.043. It states that Plaintiff, "on or about the date of May 28th, 2015, in the City of The Dalles, . . . did unlawfully and knowingly commit theft of property, of the total value of less than one hundred dollars, the property of Grinders Coffee Shop." ECF 20-1 at 1. The exhibit's second page, dated May 28, 2015, lists June 16, 2015, as a continuance date and, next to that, states as the reason, "Plea – FTA." It also states that Plaintiff was arraigned on May 29, 2015. Next to an entry entitled, "Bail Fixed at $," is a handwritten note that reads, "recog." *Id.* at 2. The third page consists of an untitled, one-page form that lists Plaintiff's name (typewritten) and alias (handwritten), address, and charge. Below that information, under the heading, "General Conditions," the following typewritten statement appears: "I will appear in the Municipal Court for the State of Oregon on June 16TH 2015." *Id.* at 3. Next to that appears the handwritten note, "-TA." The form is dated and Plaintiff's name appears—typewritten but with an adjacent hand-drawn checkmark—on a line at the bottom, over the word "Defendant." *Id.*

PAGE 3 – OPINION AND ORDER

Exhibit Two (ECF 20-1 at 5-6) is a complaint by The City of the Dalles against Plaintiff (here, under the Medinger alias only), dated July 28, 2015. It accuses Plaintiff of failure to appear on June 16, 2015, on a charge of theft in the third degree. *Id*. at 5. The second page of this exhibit is a form with the heading, "Court Action and Record." Although there is a space on the form to indicate when and whether a "[w]arrant issued," that space is blank. *Id*. at 6.

Exhibit Three (ECF 20-1 at 7-11) is a Multnomah County Register of Actions for Case No. 14-cr-21976, *State v. Ronnie Scott Smith.* This document indicates that Plaintiff (under yet another alias) was convicted in the Circuit Court for Multnomah County in August 2015 of several offenses unrelated to the instant matter. *Id*. at 7-8. There is a June 19, 2015, entry stating that a secret indictment was created that day. There is also a June 24, 2015, entry stating, "Warrant – Return of Service." *Id.* at 9.

The City argues that the Court lacks subject matter jurisdiction in this case because Plaintiff's claim is not ripe as long as the theft charges stemming from Plaintiff's arrest remain pending against him. According to the City, an arrest cannot be deemed "false" unless and until it is ultimately determined to have been illegal. Therefore, the City argues, Plaintiff has not yet suffered a justiciable injury because the validity of his arrest is contingent upon the resolution of his outstanding criminal charges. In the alternative, the City argues that the Court should dismiss Plaintiff's complaint under the *Younger* abstention doctrine, which requires a federal court to abstain from considering a plaintiff's claim that may interfere with ongoing state proceedings.

Plaintiff responds that both of the City's arguments are contradicted by the U.S. Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384, 393 (2007). According to Plaintiff, the Supreme Court held in *Wallace* that a cause of action under § 1983 for false arrest in violation of the Fourth Amendment accrues, and thus is ripe, when the plaintiff's false imprisonment ends. In

so holding, the Supreme Court rejected the argument that such a claim does not accrue until the criminal charges related to the allegedly unlawful arrest are adjudicated. Regarding abstention, Plaintiff argues that if abstention is required, then the Court should stay, rather than dismiss, these proceedings until Plaintiff's state criminal case is resolved.

## STANDARDS

### A. The Court's Review of *Pro Se* Filings[3]

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,' " but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly,* 550 U.S. at 555).

### B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for Lack of Jurisdiction

The federal courts are courts of limited jurisdiction. *Gunn v. Minton,* 568 U.S. 251, 133 S.Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)

---

[3] At the time that he filed the complaint, Plaintiff was proceeding *pro se*. The Court subsequently appointed Plaintiff's current counsel, for the limited purpose of reviewing Plaintiff's claims, advising Plaintiff, and responding to the City's motion to dismiss. *See* ECF 22. The Court, therefore, liberally construes Plaintiff's complaint, but does not apply that deference to Plaintiff's response to the City's motion to dismiss or to Plaintiff's motion to stay.

PAGE 5 – OPINION AND ORDER

(citations omitted); *see also Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. *Id.* 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone,* 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa,* 719 F.3d 1130, 1133 n. 6 (9th Cir. 2013) (quoting *Safe Air for Everyone,* 373 F.3d at 1039)). When a defendant challenges jurisdiction "facially," a trial court must "accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint.[4] *See Terenkian v. Republic of Iraq,* 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson,* 586 F.3d at 685; *Safe Air for Everyone,* 373 F.3d at 1039. A factual challenge "can attack the

---

[4] Here, the City attacks Plaintiff's complaint factually; therefore, the Court may consider the exhibits that the City submitted with their motion. In addition, to the extent that Plaintiff does not object to the City's request for judicial notice, the Court takes judicial notice of those exhibits.

substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

**C. *Younger* Abstention**

"*Younger* holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). *Younger* and its progeny are based on the interests of comity, federalism, and economy that counsel federal courts to maintain respect for state functions and not unduly interfere with certain ongoing state proceedings. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans ("NOPSI"),* 491 U.S. 350, 367-68 (1989). Under *Younger*, "a federal court must apply a multi-part test to determine whether it should decline to exercise its jurisdiction." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). In a federal "action for damages pursuant to 42 U.S.C. § 1983," *Younger* principles apply when the plaintiff: "brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." *Id.* (quoting *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004)). *Younger* abstention applies where there are ongoing state criminal proceedings. *NOPSI,* 491 U.S. at 368.

A federal district court that abstains under *Younger* from hearing a federal plaintiff's § 1983 claim should stay the federal proceedings, not dismiss them. *Gilbertson*, 381 F.3d at 982 (holding that "the correct disposition is to defer—not to dismiss—when damages are at issue" in a § 1983 claim). *See also Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted[,] . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]hile we have

PAGE 7 – OPINION AND ORDER

held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."). In *Gilbertson*, the Ninth Circuit explained the rationale behind this rule. Staying the federal case until the state court criminal case is no longer pending

> allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course, that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice. In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated.

381 F.3d at 981.

## DISCUSSION

### A. Defendants' 12(b)(1) Motion to Dismiss

The City asserts that a § 1983 claim for false arrest is not ripe until the related criminal charges are adjudicated and that, therefore, Plaintiff's claim will not be justiciable until the theft charges stemming from his arrest are resolved. Therefore, the City argues, Plaintiff's claim is unripe and the Court lacks subject matter jurisdiction over Plaintiff's federal action. As Plaintiff correctly notes, however, the U.S. Supreme Court's opinion in *Wallace v. Kato* undermines the City's argument. 549 U.S. at 387-90. In *Wallace*, the Supreme Court considered whether the petitioner timely filed suit seeking damages under § 1983 for false arrest. *Id*. at 386. The Seventh Circuit held that the petitioner's §1983 suit was time barred because his cause of action accrued at the time of his arrest, and not when his conviction was later set aside. *Id.* at 387. The Supreme Court affirmed. The Court held that "[t]here can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date[,]" *id*. at

388, "when, for example, he is bound over by a magistrate or arraigned on charges[,]" *id*. at 389. *See also Giley v. Oregon*, 2007 WL 789437, *2 (D. Or. Mar. 13, 2007) (observing that "this court's earlier conclusion" that a §1983 claim does not accrue while criminal charges are pending was "undermined by the Supreme Court's . . . decision in *Wallace v. Kato*").

Here, the record shows that Plaintiff's allegedly false arrest occurred on May 28, 2015, and that he was arraigned and released on his own recognizance the following day. Thus, under *Wallace*, Plaintiff's claim accrued on May 28, 2015 (or no later than May 29, 2015). *See Harrington v. City of Nashua*, 610 F.3d 24, 29 (1st Cir. 2010) (plaintiff's "claim that the defendants restricted her liberty without a reasonable suspicion begins with her detention at the police station and ends with her release on personal recognizance"). It follows that Plaintiff's claim was ripe on that date as well. *See, e.g., Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014) ("The ripeness doctrine seeks to identify those matters that are premature for judicial review because the injury at issue is speculative, or may never occur."); *Jacobs v. City of Bridgeton*, 2009 WL 2634661, *4 (D. N.J. Aug. 25, 2009) (concluding that when a §1983 claim accrues, "the claim becomes ripe"); *Jones v. Allen*, 483 F. Supp. 2d 1142, 1149 (M.D. Ala.), *as clarified* (Apr. 20 2007), *aff'd*, 485 F.3d 635 (11th Cir. 2007) ("To be sure, once a claim has accrued it is necessarily ripe[.]"). The City's argument to the contrary is unavailing.

## B. Abstention under *Younger*

Next, applying the *Younger* principles, as articulated in *Washington* and *Gilbertson*, the Court concludes that abstention is appropriate here. First, the record shows that the Plaintiff's underlying theft charges remain pending in state court. Although Plaintiff's Complaint alleges that the theft charge against him was "dropped," Plaintiff has not repeated that allegation in his subsequent briefing, and the Register of Actions submitted by the City indicates that the charges

PAGE 9 – OPINION AND ORDER

against Plaintiff remain outstanding. The Court thus finds that the state court proceeding against Plaintiff is currently ongoing.

Second, the state proceeding is of a judicial nature, implicating important state interests. *See, e.g., Whitton v. Mortimer*, 2016 WL 3179462, *3 (D. Nev. Apr. 28, 2016), *report and recommendation adopted*, 2016 WL 3176573 (D. Nev. June 3, 2016) (noting that "[c]ourts have uniformly held that states . . . have an important interest in enforcing their criminal laws, free from federal interference"). *See also Moore v. Sims*, 442 U.S. 415, 423 (1979) (explaining that *Younger* was first articulated with reference to state criminal proceedings).

Third, Plaintiff has not argued that he cannot present his federal claim in the state proceedings. *See Pennzoil v. Texaco, Inc..*, 481 U.S. 1, 14 (1987) (holding that the burden to prove that a federal plaintiff cannot present his or her federal claim in the state proceedings rests on the federal plaintiff). In any case, it does not appear that Plaintiff would be barred from litigating his federal constitutional issues in the state court proceedings. *See, e.g., Denucci v. Henningsen*, 248 Or. App. 59, 70-76 (2012) (adjudicating appeal from Oregon state trial court's resolution of appellant's § 1983 false arrest claim); *Ross v. City of Eugene*, 151 Or. App. 656, 661 n.1 (1997) (resolving appellant's state law-based false arrest claims and noting that the trial court below "returned a verdict in favor of defendant on the Section 1983 claims"). *See also Holdner v. Coba*, 2011 WL 2633165, *6 (D. Or. July 5, 2011) (citing *Pennzoil*, 481 U.S. at 15, for the "general rule" that "absent unambiguous authority to the contrary, state court proceedings are presumed adequate to present federal claims") (quotation marks omitted).

Because the relevant factors weigh in favor of abstention, the Court concludes that abstention is appropriate. The Court declines, however, to dismiss Plaintiff's Complaint as requested by the City. Instead, because Plaintiff seeks only damages (which are not available to

Plaintiff in defense of his criminal charges in the state proceeding), the Court concludes that it is appropriate to stay this action, rather than to dismiss it. *See Gilbertson*, 381 F.3d at 975 ("[A]n abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue.")

## CONCLUSION

The City's Motion to Dismiss (ECF 19) is DENIED. Plaintiff's Motion to Stay (ECF 27) is GRANTED. The Court further ORDERS the parties jointly to provide a status report to the Court not later than 60 days after the municipal court resolves the pending criminal charges arising from the underlying arrest in this case.

**IT IS SO ORDERED**.

DATED this 19th day of June, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge