# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONNIE SMITH**, | Case No. 6:16-cv-1771-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CITY OF THE DALLES** and **KOJI NAGAMATSU**, | |
| Defendants. | |

James E. Geringer and Samuel B. Thacker, KLARQUIST SPARKMAN LLP, 121 SW Salmon St., Suite 1600, Portland, OR, 97204. Of Attorneys for Plaintiff.

Gerald L. Warren and Elizabeth A. Jones, LAW OFFICES OF GERALD L. WARREN AND ASSOCIATES, 901 Capitol St. NE, Salem, OR, 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Ronnie Smith filed this action *pro se* against the City of The Dalles (the City) and Koji Nagamatsu, a police officer employed by the City. The Court appointed counsel to represent Plaintiff after denying in part Defendants' first motion for summary judgment. After Defendants' second motion for summary judgment and the Court's resolution of certain issues at the pretrial conference, the claims remaining for trial were Plaintiff's claims under 42 U.S.C. § 1983 that Officer Nagamatsu violated Plaintiff's Fifth Amendment rights against self-incrimination and the damages portion of Plaintiff's claim that Officer Nagamatsu violated Plaintiff's Fourth Amendment rights against illegal searches and seizures of person and property. The Court determined the issue of liability on Plaintiff's Fourth Amendment claim as a matter of law. Also remaining for the jury was Plaintiff's claim against the City for false arrest and

PAGE 1 – OPINION AND ORDER

imprisonment.[1] Further, the Court submitted to the jury Defendants' affirmative defense that Plaintiff's state law claim was time-barred under the Oregon Tort Claims Act (OTCA).

After a two-day trial, the jury found that Plaintiff failed to prove liability on his Fifth Amendment claim and awarded only $1 in nominal damages on Plaintiff's Fourth Amendment claim. On Plaintiff's state false arrest claim, the jury found the City liable for actual damages and rejected the City's affirmative defense that this claim was time-barred under the OTCA. The jury awarded Plaintiff $17 in actual damages on his state law false arrest claim.

After judgment was entered, Plaintiff and the City both filed post-trial motions. Plaintiff moves for costs in the amount of $1,256.89 and attorney's fees in the amount of $1,000. The City moves for renewed judgment as a matter of law. For the reasons stated below, Plaintiff's motion is denied and the City's motion is granted.

## BACKGROUND

Plaintiff was arrested by Officer Koji Nagamatsu on May 28, 2015. Plaintiff was handcuffed, charged, arraigned and released shortly thereafter. On September 6, 2016, Plaintiff filed a *pro se* complaint against the City and Officer Nagamatsu (then referred to as Officer John Doe), alleging under 42 U.S.C. § 1983 that Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments. Plaintiff amended his complaint on November 21, 2016, specifically adding false arrest and false imprisonment allegations to his § 1983 claims. Plaintiff also added a *Monell* claim,[2] alleging that the City trains its officers to conduct false arrests.

---

[1] In this Opinion and Order the Court may refer to Plaintiff's false arrest and imprisonment claims as simply "false arrest." Under Oregon law, false arrest and imprisonment have identical legal elements. *Fossen v. Clackamas Cnty.*, 271 Or. App. 842, 848 (2015).

[2] A *Monell* claim refers to a § 1983 suit against a municipality that attempts to impute liability for the unconstitutional actions of their officers, employees, or agents. *Monell v. Dep't of Soc. Srvs. of New York*, 436 U.S. 658, 694-95 (1978).

Plaintiff was not prosecuted for the underlying state crime until 2017, when he was convicted of misdemeanor Theft III in a municipal court jury trial. After Plaintiff appealed and sought a *de novo* trial in circuit court, the City moved to dismiss the charges on February 8, 2018. The circuit court entered the dismissal the next day.

On March 24, 2018, Plaintiff issued a tort claim notice against the City, alleging intentional infliction of emotional distress, negligence, and false arrest. Plaintiff incorporated those new state law claims into a second amended complaint in his case before this Court, filed on May 13, 2019. Defendants moved for summary judgment on all state and federal claims. The Court granted Defendants' motion against Plaintiff's negligence and intentional infliction of emotional distress claims, concluding they were time-barred under the OTCA. *Smith v. City of Dalles*, 2020 WL 265204, at *4 (D. Or. Jan 17, 2020). The Court also granted summary judgment on Plaintiff's *Monell* claim, finding that Plaintiff offered no admissible evidence to support his allegation. *Id.* The Court denied summary judgment on all other claims. *Id.*

On April 20, 2020, the Court appointed Plaintiff's current counsel to represent Plaintiff at trial. Counsel accepted representation on May 11, 2020. Four days later, Officer Nagamatsu made an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure in which he offered to allow judgment to be entered against him in favor of Plaintiff for the sum of $3.25 plus reasonable costs. Plaintiff did not accept this offer.

Defendants filed a second motion for summary judgment in November 2020, arguing that at the time Officer Nagamatsu placed Plaintiff in handcuffs, the officer had probable cause. Before the Court ruled on this motion, Plaintiff moved for leave to amend his complaint, and proposed adding a claim for a violation of his Fifth Amendment right against self-incrimination The Court denied Defendants' second motion for summary judgment and granted Plaintiff's

PAGE 3 – OPINION AND ORDER

motion to amend his complaint. *Smith v. City of Dalles*, 2021 WL 1040380 (D. Or. Mar. 17, 2021). The Court also concluded that Officer Nagamatsu did not have probable cause to arrest Plaintiff at the time Officer Nagamatsu placed Plaintiff in handcuffs. *Id.* at *13, 18-19.

Before trial, the Court gave notice to the parties that it intended to find *sua sponte* as a matter of law that Officer Nagamatsu was liable under the Fourth Amendment for illegal search and seizure of Plaintiff's person and property. The parties briefed the issue and the Court issued its ruling consistent with its earlier notice. *Smith v. Dalles*, 2021 WL 2287421, at *4-10 (D. Or. June 4, 2021). Thus, the issues left for the jury at trial were: (1) damages on Plaintiff's Fourth Amendment claim; (2) liability and damages on Plaintiff's Fifth Amendment claim; (3) damages on Plaintiff's state law claim for false arrest; and (4) Defendants' affirmative defense that Plaintiff's state law claim was time-barred under the OTCA.

This case proceeded to trial. At the close of trial, before the case was submitted to the jury, the City moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure with respect to their affirmative defense against Plaintiff's false arrest claim. The City argued that Plaintiff's testimony made clear that he was aware of the facts underlying his false arrest claim when he first amended his complaint in 2016, but only his misunderstanding of the law and his belief that his state prosecution had to be dismissed before he could assert a claim caused the delay. Therefore, the City argued, Plaintiff's 2018 tort notice was outside the 180-day OTCA window from when Plaintiff knew or should have known of the *facts* that put him on notice of his claim. The City argued that Plaintiff's claim was time-barred as a matter of law. The Court allowed the jury to consider the OTCA tort notice defense but invited the City to make a post-trial motion if the jury found against the City.

The jury found that Plaintiff failed to prove a Fifth Amendment violation or actual damages for his Fourth Amendment claim. Instead, the jury awarded only $1 in nominal damages on Plaintiff's Fourth Amendment claim against Officer Nagamatsu. On Plaintiff's state law false arrest claim against the City, the jury found the City liable for actual damages in the amount of $17. The jury also found that the City had failed to prove its affirmative defense under the OTCA that Plaintiff knew or should have known about his claim on or before September 25, 2017, 180-days before Plaintiff's tort claim notice. Thus, the jury concluded that Plaintiff's claim was not time-barred.

Two weeks after the trial, the City filed its Rule 50(b) motion renewing the Rule 50(a) motion made at the close of trial. The City argues that when considering Plaintiff's testimony, the evidence only supports one reasonable conclusion—that Plaintiff's false arrest claim is time-barred under the OTCA. On the same day, Plaintiff moved for $1,000 in attorney's fees and $1,256.89 in costs under 42 U.S.C. § 1988. He argues that he obtained more than nominal relief on his § 1983 claim based on his success in his closely related Oregon state law claim.

## DISCUSSION

### A. Renewed Judgment as a Matter of Law

#### 1. Standards

Under Rule 50(b) of the Federal Rules of Civil Procedure, judgment as a matter of law is proper if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quotation marks omitted); see also *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (explaining that a motion for judgment as a matter of law must be granted if "the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party"). Because a motion under Rule 50(b) is a renewed motion, "a party cannot properly 'raise

arguments in its post-trial motion for judgment as a matter of law that it did not first raise in its Rule 50(a) pre-verdict motion.'" *Go Daddy*, 581 F.3d at 961 (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).

A court reviews properly raised arguments challenging the factual sufficiency of a jury's verdict for substantial evidence. That means that "the jury's verdict must be upheld if there is 'evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion.'" *Id.* at 963 (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)); *see also Weaving*, 763 F.3d at 1111 (noting that substantial evidence is "such relevant evidence as reasonable minds might accept as adequate to support a conclusion[,] even if it is possible to draw two inconsistent conclusions from the evidence" (quotation marks omitted)). In ruling on a motion under Rule 50(b) based on a ground not asserted in a motion under Rule 50(a), a court is "limited to reviewing the jury's verdict for plain error, and should reverse only if such plain error would result in a manifest miscarriage of justice." *Go Daddy*, 581 F.3d at 961 (quotation marks and citation omitted). "This exception, however, permits only extraordinarily deferential review that is limited to whether there was *any* evidence to support the jury's verdict." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001) (emphasis in original) (quoting *Patel v. Penman*, 103 F.3d 868, 878 (9th Cir. 1996)).

In evaluating a motion for judgment as a matter of law, the Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Experience Hendrix, L.L.C., v. Hendrixlicensing.com, Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). Further, the Court may not make credibility determinations, weigh the evidence, or "substitute its view of the evidence for that of the jury." *Krechman v. City of Riverside*, 723 F.3d 1104, 1110 (9th Cir. 2013) (quotation marks and citation omitted).

Case 6:16-cv-01771-SI    Document 194    Filed 11/02/21    Page 7 of 12


**2. Analysis**

The City argues that the evidence supports only the conclusion that Plaintiff's tort notice was untimely. The City cites Plaintiff's testimony, arguing that it conclusively shows that Plaintiff was aware of the *facts* supporting his false arrest claim in 2016 and only delayed filing due to a misunderstanding of the *legal* requirements of the OTCA. Plaintiff responds that substantial evidence supports the jury's verdict.

Previously, the Court declined to find Plaintiff's false arrest claim time-barred as a matter of law. *Smith*, 2020 WL 265204, at *4; *Smith*, 2021 WL 1040380, at *7-8. Under Oregon law a prospective plaintiff who wishes to sue a public body or their agent in tort must provide notice of that claim. Or. Rev. Stat. (ORS) § 30.275(1). For all claims other than wrongful death, a plaintiff has 180 days to provide notice. ORS § 30.275(2). Additionally, "the discovery rule applies to OTCA notice of claims." *Denucci v. Henningsen*, 248 Or. App. 59, 68 (2012). Therefore, the 180-day OTCA notice period is triggered when a prospective plaintiff knows or reasonably should know the facts giving rise to his or her claim. *Id.* Included in those facts is whether "the injury harmed one or more of the plaintiff's legally protected interests." *Benson v. State* 196 Or. App 211, 215 (2004). In ruling on Defendants' second motion for summary judgment, the Court did not impute to Plaintiff knowledge that he had been arrested without probable cause simply because he suffered the indignity of an arrest. *Smith* 2021 WL 1040380, at *8. Thus, the question of whether the facts would alert a reasonable person to a substantial possibility that his or her arrest was unlawful was left to the jury and the developed factual record. *Id.*

The Court now has the benefit of Plaintiff's testimony at trial. That testimony establishes that Plaintiff was aware of the facts underlying his false arrest claim and the harm to his legally protected interest more than 180 days before filing his tort notice in 2018. In his direct testimony, Plaintiff explained that he had waited as long as he did to add the state tort claims because he

PAGE 7 – OPINION AND ORDER

believed that the OCTA's 180-day filing period only begins after the underlying charge is "overturned." Plaintiff testified as follows:

> Q: Now, at some point in this case, you added a State law claim. Do you remember that?
>
> A. Yes.
>
> Q. Now, why'd you wait so long to add that? Why didn't you file that earlier?
>
> A. The thing is, is that I did some research. I -- I was a *pro se* litigant, so I'm not really familiar with laws, but I do know that if a criminal charge is held against you at that particular time, you cannot get relief for that charge until after that charge gets overturned by direct appeal or post-conviction.
>
> So at that time, that charge was still going on, so I had to wait until after it got dismissed before I could file a claim for damages.
>
> * * *
>
> Q: Mr. Smith, please just tell us, why did you file that tort claim at that time?
>
> A. Because I figured that if you're in a criminal proceeding and the case is not dropped, then you cannot get relief until after the case is overturned. Once the case is overturned, then that's when the time clock starts that I have to file, which is the 180 days, for the Oregon tort claim notice. So I had to wait till the case gets overturned, and that's case law.

ECF 182 at 4, 19.

During cross-examination, Plaintiff further testified that when he amended his original complaint in 2016 (adding federal claims for "false imprisonment" and "false arrest" under § 1983) he believed he had been falsely arrested and imprisoned, but only waited to file his state tort claim notice because of his belief that under the law he was required to have his case overturned. Plaintiff testified:

> A. . . . . I thought that once I got dismissed and I had to file a claim, which is the tort claim for money.

PAGE 8 – OPINION AND ORDER

> Q. But you said you thought you couldn't file the tort claim notice until after your charges were dismissed, correct?
>
> A. Right, on the false arrest.
>
> Q. But you had filed a claim for false arrest against my client, the City, you filed it alleging federal false arrest back in 2016, about a year and a half after your arrest, correct?
>
> A. Yes.
>
> Q. And you felt you'd been falsely arrested at that time, correct?
>
> A. Yes. Until I read the case law that says that I can't get no relief until after the criminal charges is turned over.
>
> Q. Okay. And that's your understanding?
>
> A. Yes.

*Id.* at 35.

Plaintiff was mistaken in his *legal* understanding of the OTCA and false arrest claims. The discovery rule, however, is triggered when a person knows the underlying *facts* supporting his or her claim. *See Denucci*, 248 Or. App. at 69 ("Therefore, the 180-day period did not start until plaintiff knew, or in the exercise of reasonable care should have known, *facts* that would alert a reasonable person to a substantial possibility that her arrest was unlawful." (emphasis added)). A misunderstanding of the *law* does not preclude the accrual of a limitations period. *See, e.g.*, *Dunn v. City of Milwaukie*, 270 Or App 478, 304, 348 P3d 301 (2015) ("If the plaintiff knows that he or she has suffered some harm and knows that it is the result of tortious conduct, an argument that the plaintiff did not know the full extent of the harm or that those facts had legal significance will be of no avail.").

Plaintiff testified that he believed that he had been falsely arrested and imprisoned when filing his first amended complaint in 2016. Plaintiff never testified that he was confused about any *facts* relating to whether his arrest was based on probable cause until after his prosecution

PAGE 9 – OPINION AND ORDER

was discharged. Instead, he testified to his (erroneous) understanding of the *law*. Thus, even when viewing the evidence in the light most favorable to Plaintiff, there is no evidence in the record supporting any conclusion other than that the latest day that Plaintiff knew or should have known of his legally cognizable injury is the day he signed his amended complaint, November 15, 2016.[3] The 180-day period thus began to run on that day and expired 180 days later, on May 14, 2017. Plaintiff issued his tort claim notice on March 24, 2018, well outside the permissible window.

The relevant statute is clear that "no action arising from any act . . . of a public body or an officer, employee or agent of a public body . . . shall be maintained unless notice of the claim is given as required by this section." ORS § 30.275(1). Plaintiff by his own testimony failed to give the required notice in a timely fashion. Accordingly, the Court grants the City's motion for renewed judgment as a matter of law. The current judgment will be vacated, and an amended judgment entered consistent with this Opinion and Order.

**B.  Attorney's Fees**

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54-1, and 42 U.S.C. § 1988, Plaintiff seeks to recover against Officer Nagamatsu $1,000 in attorney's fees for prevailing on his Fourth Amendment claim under § 1983 claim and $1,256.89 in costs for being the prevailing party in this case. Plaintiff argues that despite the nominal award of $1 on his federal claim against only Officer Nagamatsu, Plaintiff still received significant relief on the merits of his § 1983 Fourth Amendment claim against the Officer through proving more than nominal damages on Plaintiff's related state law claim against the City. Defendants respond that

---

[3] Although Plaintiff filed his amended complaint on November 21, 2016, the signed complaint is dated November 15, 2016. This discrepancy has no legal significance.

Plaintiff's trial judgment of less than Officer Nagamatsu's pretrial Rule 68 offer of judgment bars recovery of Plaintiff's attorney's fee and costs incurred after the expiration of Defendant Nagamatsu's offer of judgment. The Court agrees and, thus, denies Plaintiff's motion for attorney's fees and costs, all of which were incurred after the expiration of the offer of judgment.

In a civil rights lawsuit brought under 42 U.S.C. § 1983, a district court may award the prevailing party its reasonable attorney's fees as part of costs. 42 U.S.C. § 1988(b); *A.D. v. Cal. Hwy Patrol*, 712 F.3d 446, 460 (9th Cir. 2013). A prevailing party also is entitled to an award of costs. This award of attorney's fees and costs, however, may be limited by an unaccepted pretrial offer of judgment. Rule 68(d) states, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs after the offer was made." The Supreme Court has held that the attorney's fees available to prevailing parties under § 1988 are subject to this cost-shifting provision. *Marek v. Chesney*, 473 U.S. 1, 9 (1985). Plaintiff's attorney accepted representation of Plaintiff on May 11, 2020. Officer Nagamatsu made his Rule 68 offer four days later for $3.25. Plaintiff only received $1.00 in nominal damages on his § 1983 claim against Officer Nagamatsu.

Plaintiff argues that despite the nominal award, he still received some relief on the merits of his claim because he proved actual damages of $17 on his related state false arrest claim against the City. In granting the City's renewed motion for judgment as a matter of law, both the judgment and damages on that claim are vacated. As a result, the Court need not consider Plaintiff's argument or any others based on Plaintiff's purported success on the now vacated judgment and state claim on which Plaintiff no longer prevails—these arguments are now moot.[4]

---

[4] Similarly, the Court need not rule on another issue briefed by the parties: whether the offer of judgment applied only to Officer Nagamatsu or also to the City, and therefore whether the damages awarded to the City must be included in considering whether the awarded damages

Plaintiff's remaining cause of action in which he prevailed is the § 1983 Fourth Amendment claim for which the jury awarded $1 in nominal damages. This is less than Defendants' Rule 68 offer of judgment in the amount of $3.25. The offer was made four days after Plaintiff's counsel assumed representation. Further, Plaintiff has presented no evidence that his costs were incurred before his counsel undertook representation. Accordingly, under Rule 68(d), Plaintiff is not entitled to recover attorney's fees or costs.[5]

## CONCLUSION

The Court GRANTS the City's Renewed Motion for Judgment as a Matter of Law, ECF 186. The Court VACATES its Judgment entered June 24, 2021 (ECF 181) based on the jury's verdict. The Court will enter a new judgment consistent with this Opinion and Order. The Court also DENIES Plaintiff's Motion for Award of Costs and Attorney's Fees, ECF 183.

**IT IS SO ORDERED**.

DATED this 2nd day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

were higher than the offer of judgment. Regardless of how the offer is interpreted, because the Court grants the City's renewed motion for judgment as a matter of law, only the § 1983 claim and nominal $1 damages awarded against Officer Nagamatsu remain.

[5] In support of his motion, Plaintiff also attempts to distinguish this case from *Farrar v. Hobby*, in which the Supreme Court declined to award attorney's fees to a plaintiff who won only nominal damages. 506 U.S. 103, 115 (1992). Most of Plaintiff's distinctions involve the now-vacated judgment on his state law claim. But even the remaining distinctions do not persuade the Court to award costs and attorney's fees. *Farrar* did not involve a Rule 68 offer of judgement. Thus, while the Supreme Court recognizes that in some circumstances attorney's fees may be available when a plaintiff recovers only nominal damages, that does not support the conclusion that an award of nominal damages required the bypass of Rule 68(d).

PAGE 12 – OPINION AND ORDER